Inés Rodríguez Otero, Plaintiff and Appellee, v. Ell Tee, Inc., et al., Defendants and Appellants.

No. 8077. Argued May 6, 1940.—Decided May 20, 1940.

*J. Valldejuli Ródriguez* for appellants. *E. Martínez Avilés* for appellee.

Mr. Justice Wolf delivered the opinion of the court.

On the 4th of October 1938, Inés Rodríguez Otero brought suit in the District Court of Arecibo against Ell Tee Inc. and Great American Indemnity Company. On the 19th of October 1938, at the instance of the plaintiff, the secretary of the district court noted the default of the defendant Ell Tee, Inc. The record proper does not show what steps were taken against the Great American Indemnity Co. The opinion of the court, however, subsequently filed stated that at the moment of the trial the plaintiff dismissed the complaint against the Great American Indemnity Co. We may perhaps take it for granted, as the court says so, that the suit so far as the Great American Indemnity Co. was concerned, was dismissed.

The case went on to trial on November 4, 1938, and on the same day the court rendered judgment against the Ell Tee, Inc., in the sum of $600. In the original suit the claim was for $1,060.

On December 3, 1938, both defendants came into court and filed a writing which they called a motion asking that the judgment be set aside, that the note of default be tolled and that the accompanying answer be admitted. The record in this court shows a transcript of evidence with respect to the trial for the accident, cause of the claim for damages. Likewise there is a transcript of the evidence on the motion of the defendants to set aside the judgment, etc.

On January 26, 1939, the court overruled the aforesaid motion of Ell Tee and the Great American Indemnity Co. On the 28th of January, or two days after the order of the court, the two defendants by their attorney appealed from the judgment rendered by the court as well as from the order overruling the motion to set aside the said judgment.

The proceedings to which we have referred were filed in this court on the 10th of October, 1939. On the 11th of October, 1939, the plaintiff-appellee filed a motion to dismiss the appeal. The defendants opposed the dismissal. The case came on to be heard on February 12, 1940. This motion was overruled by this court without prejudice to the right of the plaintiff to present another, which she did on the 22d of April 1940. The case came on to be heard again in this court on May 6, 1940.

The first motion to dismiss relied upon the alleged ground that the appeal was taken too late and because the same was frivolous. The second motion to dismiss relies exclusively on the ground that the appeal was taken too late. One of the ideas of the appellee is that the motion to set aside the judgment filed by the defendants on December 3, 1938, is a motion for a reconsideration of the judgment. Anybody would necessarily agree that the Great American In-

demnity Co. would have had no right to file a motion for reconsideration, as it was not made a party to the trial and judgment of the District Court of Arecibo. Any motion made by the insurance company would necessarily be an independent attempt to have the judgment set aside, and as the other defendant joined with it in the motion to set aside, such motion can not be considered other than one directed to the discretion of the court. It is made, we may consider, under section 140 of the Code of Civil Procedure and, of course, if we are right about this, the motion might be filed within six months.

What the plaintiff-appellee relied upon was Act No. 67 of 1937 (Session Laws 1936–1937, p. 190), requiring motions of reconsideration to be filed within fifteen days. We find it unnecessary further to discuss the question whether the appeal from the judgment was taken in time or not, because there is also an appeal from the order refusing to set aside the said judgment. The joint or individual action of both defendants in appealing was against said order and filed two days thereafter. Clearly Ell Tee, Inc., would have a right to appeal from the order of the district court refusing to set aside the judgment.

■■ The position of the Great American Indemnity Co. is somewhat different. However, under section 175 of the Insurance Law of Puerto Rico (Code of Commerce of Puerto Rico, 1932 ed., pp. 485, 583), an insurance company may be joined with an original defendant who is alleged to be responsible to a plaintiff for damages. It is probably true, as appellee insists, that the present appeal or appeals are really taken by the insurance company. The appellee further draws our attention to the fact that the insurance company has no present judgment against itself; that it could defend an action by the Ell Tee, Inc., by reason of the fact that the latter, as required by the policy, did not notify the Great American Indemnity Co. of the suit filed against said

Ell Tee, Inc. The appellee to a certain extent is right, but on the other hand, where an insurance company is made to answer for a judgment against a person whom they have insured, it is not a far cry for such a company to appeal to the discretion of the court to allow them either to defend because they were sued, or if this could not be done, to allow them to intervene in the case so as to settle all the rights of the parties in a single action. We have the idea that if the suit had been alone against Ell Tee, Inc., the Great American Indemnity Co. would have had a right to intervene, claiming an interest in the result of the judgment. Therefore, its motion filed on December 3, 1938, if the defendant was not otherwise duly before the court, might be considered, on its part, as a motion of intervention. Furthermore, we think if there was any doubt about this, that the discretion of the court below might, if it was to be used at all, have been exercised in favor of the defendant Ell Tee, Inc., in order to allow the Great American Indemnity Co. subsequently to intervene.

In its order overruling the motion to dismiss the court refers to the fact that the claim against the Ell Tee, Inc., was perfectly clear. It is rare that such a statement could be definitely determined as true when neither of the two defendants were actually heard in court.

We have touched upon these questions without entering too much in the exercise of the discretion by the court below. It was a case, in our opinion, nevertheless, where the court had an absolute discretion to reopen the case and permit the Great American Indemnity Co. to intervene. It may be decided on the main appeal whether the court did or did not abuse its discretion in refusing to open the case.

The motion to dismiss will be overruled.